UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Andrew F. Capoccia

   v.                                            Civil No. 11-cv-345-PB

Warren Dowaliby


**REPORT AND RECOMMENDATION**

Before the court for a preliminary review is an amended petition for writ of habeas corpus (doc. no. 5) (hereinafter "petition"), filed pursuant to 28 U.S.C. § 2241, by pro se plaintiff Andrew F. Capoccia. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") (directing court to conduct preliminary examination of habeas petition to determine whether it is facially valid and may proceed); see also § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to habeas corpus petitions not filed pursuant to 28 U.S.C. § 2254).

**Background**

Capoccia is a federal prisoner detained in the Strafford County Department of Corrections pursuant to a District of Vermont conviction. At the time Capoccia filed the instant petition, he was awaiting a resentencing on that conviction in

the District of Vermont, as mandated by the Second Circuit.  See United States v. Capoccia, 354 F. App'x 522, 525 (2d Cir. 2009) (affirming denial of motion to dismiss second superseding indictment, but remanding for resentencing de novo, after government conceded that counts 14 and 15 should be dismissed). The District of Vermont has since resentenced Capoccia, and he has filed a direct appeal of the resentencing order in the Second Circuit.  See United States v. Capoccia, No. 03-CR-035-jgm-1 (D. Vt. Oct. 5, 2011) (resentencing order), appeal docketed, No. 11-4258 (2d Cir. Oct. 17, 2011).

    In the instant petition, Capoccia asserts: (1) that his original sentence was enhanced improperly; (2) that the District of Vermont was an improper venue to try him on the indictments; (3) that his convictions were obtained without proof of essential elements; (4) that the jury's verdict was not unanimous on all charges; and (5) that he suffered an unreasonable delay in resentencing, in violation of his Fifth Amendment rights to due process and fundamental fairness. Capoccia raised the same issues in a motion filed in August 2011 in the District of Vermont while his resentencing was pending there.  That court denied the motion without stating the reasons for its order.  See United States v. Capoccia, No. 03-CR-035-

jgm-1 (D. Vt. Sept. 21, 2011) (denying defendant's Motion for Release), appeal docketed, No. 11-4258 (2d Cir. Oct. 17, 2011).

## Discussion

"Generally, motions to contest the legality of a sentence must be filed under [28 U.S.C. § 2255] in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).  "Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Id. (quoting 28 U.S.C. § 2255(e)).  The relevant part of § 2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).  The inquiry into whether the savings clause applies is "critical to the determination of district court jurisdiction, because the proper district for filing a habeas petition depends upon whether the petition is filed

pursuant to § 2241 or § 2255." Hernandez, 204 F.3d at 864. Capoccia has asserted in the instant petition that a § 2255 motion was inadequate or ineffective when he filed the § 2241 petition because he claimed actual innocence, his criminal case had been remanded for resentencing, and resentencing had been delayed for more than twenty months for allegedly "unjustifiable reasons."

Capoccia's status at the time he filed the instant petition was equivalent to that of any inmate awaiting sentencing. The fact that such an inmate must await sentencing before filing a § 2255 motion does not render that remedy inadequate or ineffective. See Kelly v. Marino, No. 3:05-cv-1658, 2005 WL 2304308, *4 (M.D. Pa. Sept. 20, 2005).

Moreover, for reasons of judicial economy, habeas petitions filed before a petitioner has exhausted his direct appeal are generally considered premature and should be dismissed without prejudice to avoid wasting judicial resources, unless extraordinary circumstances warrant immediate consideration of the petition. See United States v. Vilar, 645 F.3d 543, 546 (2d Cir. 2011); United States v. Weekes, 611 F.3d 68, 71-72 (1st Cir. 2010); United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997); see also United States v. Capoccia, 354 F. App'x at 523 (court properly denied § 2255 petition filed by Capoccia as

premature "in view of the pendency of defendant's numerous appeals and in view of the absence of 'extraordinary circumstances' justifying immediate consideration of a section 2255 motion"). At this time, Capoccia has been resentenced, and an appeal of the resentencing order is currently pending in the Second Circuit. Further consideration of the legality of Capoccia's detention in this court could waste resources by causing two courts to consider one case at the same time. See Pirro, 104 F.3d at 299; see also United States v. Outen, 286 F.3d 622, 632 (2d Cir. 2002) (such simultaneous proceedings raise concerns for judicial economy and present risk "that the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity"). Because Capoccia's direct appeal is pending, and he has failed to show that there are any extraordinary circumstances warranting potentially duplicative judicial consideration of his claims at this time, the petition should be dismissed without prejudice.[1]

---

[1] Although there is no jurisdictional bar to prevent Capoccia from filing a § 2255 motion in the District of Vermont at this time, see Vilar, 645 F.3d at 546, it would not be in the interest of justice for this court sua sponte to recast the petition as a § 2255 motion and transfer it to the sentencing court. Cf. 28 U.S.C. § 1631 (court may transfer to cure want of jurisdiction if it is in interest of justice to do so); id. § 1404(a) (if transfer is in interest of justice, for parties' convenience, court may transfer case to any other district where it might have been brought). Doing so while Capoccia's direct

## Conclusion

For the foregoing reasons, Capoccia's § 2241 petition should be dismissed without prejudice. Any objections to this report and recommendation must be filed within fourteen (14) days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya McCafferty
United States Magistrate Judge

November 14, 2011

cc:  Andrew F. Capoccia, pro se

LBM:nmd

---

appeal of the resentencing order is pending could waste resources, as the District of Vermont would be confronted with a premature § 2255 motion. Furthermore, doing so without Capoccia's consent could potentially prejudice Capoccia in the future, given the restrictions on filing second or successive § 2255 motions. Cf. Hernandez-Albino v. Haynes, 368 F. App'x 156, 156 (1st Cir. 2010) (court must dismiss habeas petition if it is in fact second or successive § 2255 motion, barred by 28 U.S.C. §§ 2244(a) and 2255(h)).